BACHARACH, J„ Circuit Judge,
concurring in part and dissenting in part.
I join the majority opinion on the merits (Part A). On the sanctions issue (Part B), however, I respectfully dissent.
I interpret the Plaintiffs argument on sanctions differently than the majority does. In my view, the Plaintiff made only one argument in his appeal on the sanctions: that the district court erroneously regarded the sanctions issue as moot in light of the summary judgment ruling. This argument rests on a misreading of the district court’s ruling. The district judge applied mootness to the underlying discovery issue, not to the sanctions issue.
The district judge reasoned that sanctions were inappropriate based on the totality of circumstances. That determination was appropriate, for the court can decline to impose sanctions when circumstances would render them unjust. See Fed.R.Civ.P. 37(d)(3). One of these circumstances was that the district judge granted summary judgment to the Defendants before ruling on the discovery issue.
The majority concludes that the district judge failed to apply the clear-error standard to the magistrate judge’s assessment of sanctions. But, the Plaintiff challenged the ruling based on a misunderstanding of what the judge had said — not a misapplication of the clear-error standard. And, in my view, we should decline to reverse on a ground not raised by the parties. See Richison v. Ernest Grp., Inc., 634 F.3d 1123, 1130 (10th Cir.2011).[1]
Accordingly, I respectfully dissent on the majority’s decision regarding sanctions.

. The majority opinion notes that the standard of review is ‘‘[ojbviously ... a threshold legal issue which we must consider.” Majority Op. at 797 n. 2. I agree when the issue involves our standard of review. But here, the clear-error standard applied to the district judge's review, not our own. As the majority notes, we review the district judge’s ruling for an abuse of discretion. In any event, we apply our standard of review to arguments made by the parties, not to those the parties could have made. Here, the Plaintiff’s argument is simply wrong because it rests on a misreading of the district judge's order. In my view, this argument cannot justify reversal even if we were to consider the district judge’s application of his own standard of review.